Dylan Hackett (SBN: 329339)
dylanhackett@hackettfirm.com
Chris Quattrociocche (SBN: 331233)
cquattrociocche@hackettfirm.com
The Hackett Law Firm
P.O. Box 330168
San Francisco, CA 94133
(415) 410-9931
(213) 782-8876

*Attorneys for Plaintiff, Barbara Ratcliffe*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA RATCLIFFE,<br><br>       Plaintiff,<br><br>vs.<br><br>YOCHA DEHE WINTUN NATION D/B/A CACHE CREEK CASINO RESORT,<br><br>       Defendant | Case No.:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**1. DISCRIMINATION PER CA FEHA**<br>**2. WRONGFUL TERMINATION** |

BARBARA RATCLIFFE, the Plaintiff herein, hereby complains and alleges as follows:

## **STATEMENT OF FACTS**

1.       Barbara Ratcliffe, a 42-year-old Asian (Filipino) member of the LGBTQIA+ community and single mother of two, was employed by Cache Creek Casino Resort ("CCCR") as an IT Project Manager. With over 20 years of experience in the field, Ms. Ratcliffe was a seasoned IT professional who consistently met the demands of her role. In addition to her responsibilities at CCCR, Ms. Ratcliffe was engaged in side ventures as a realtor and real estate investor. She asserts that these side endeavors did not interfere with her work at CCCR, as she managed them during non-working hours and hired professional property managers to handle her real estate investments.

2.       On April 25, 2023, Ms. Ratcliffe's employment with CCCR was terminated. CCCR did not cite any formal policy violations or work performance issues that could have justified her termination. Furthermore, the company did not have a written remote work policy that might have clarified expectations regarding the use of work equipment, such as computers or the Internet, for personal matters. Despite this, Ms. Ratcliffe believes that her termination was influenced by factors related to her race, sex, and familial status.

3.  Ms. Ratcliffe's role at CCCR required her to use company-provided equipment, including a computer that granted access to the company's network and the Internet. In this instance, CCCR failed to provide a clear policy regarding personal computer usage or remote work arrangements, creating ambiguity around the justification for Ms. Ratcliffe's termination.

4.  Ms. Ratcliffe contends that her termination was influenced by her protected characteristics, namely her race (Asian/Filipino), sex (female), sexual orientation (member of the LGBTQIA+ community), and familial status as a single mother.

5.  In summary, Ms. Ratcliffe's termination from CCCR raises significant concerns. Her side ventures as a realtor and real estate investor did not compromise her performance or conflict with her responsibilities at CCCR. Moreover, CCCR's lack of a formal remote work policy calls into question the legitimacy of her termination.

## LEGAL ANALYSIS

### FIRST CAUSE OF ACTION

**(Unlawful Discrimination under FEHA)**

Under the California Fair Employment and Housing Act (FEHA), it is unlawful for an employer to discriminate against an employee based on race, sex, sexual orientation, or familial status in terms of employment conditions or termination. Ms. Barbara Ratcliffe, a 42-year-old Asian (Filipino) member of the LGTQIA+ community and single mother, was terminated from her position as an IT Project Manager at CCCR without any cited formal policy violations or work performance issues. This raises significant concerns about potential discriminatory motives behind her termination.

To establish a prima facie case of discrimination under FEHA, Ms. Ratcliffe must demonstrate that she is a member of a protected class, was qualified for her position, suffered an adverse employment action, and that the circumstances suggest a discriminatory motive. Ms. Ratcliffe meets these criteria: she belongs to multiple protected classes (race, sex, sexual orientation, and familial status), was qualified and performed competently in her role, and was terminated without a clear, non-discriminatory reason.

**A. Lack of Formal Remote Work Policy**

The California Supreme Court has emphasized that FEHA aims to safeguard the rights of all persons to seek, obtain, and hold employment without discrimination based on various protected characteristics. Given

that CCCR did not provide a written remote work policy or cite any specific policy violations, the ambiguity surrounding Ms. Ratcliffe's termination further supports the inference of discriminatory intent.

**B. Legitimacy of Side Ventures as a Reason for Termination**

Moreover, CCCR's failure to document any performance issues or policy violations undermines any potential defense that Ms. Ratcliffe's side ventures interfered with her work. Employers are required to provide legitimate, non-discriminatory reasons for adverse employment actions and must prove that these reasons were the actual basis for the action taken. In this case, CCCR has not provided any such justification, which strengthens Ms. Ratcliffe's claim of discrimination.

## SECOND CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

Additionally, under California law, if an employer did not violate FEHA, an employee's claim for wrongful termination in violation of public policy necessarily fails. Since Ms. Ratcliffe's termination appears to be influenced by her protected characteristics, it constitutes a violation of FEHA, thereby supporting her wrongful termination claim.

## **CONCLUSION**

In conclusion, the termination of Ms. Ratcliffe from CCCR appears to be influenced by discriminatory motives related to her race, sex, sexual orientation, and familial status. The lack of a formal remote work policy and the absence of documented performance issues further question the legitimacy of her termination. Therefore, Ms. Ratcliffe has a strong legal basis to claim that her termination was unlawful under FEHA.

//
//
//
//
//
//
//
//

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages, according to proof;
2. For compensatory damages;
3. For reasonable attorney's fees, as provided by statute;
4. For costs of suit; and
5. For such other relief as the Court may deem meet and proper.

DATED: October 4, 2024

*Dylan Hackett*
Dylan Hackett, Esq.
Attorney for Plaintiff, Barbara Ratcliffe